UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL M. RISIS,**<br><br>   Plaintiff,<br><br>   v.<br><br>**JIM SOLAKIAN, et al.,**<br><br>   Defendants. | Civ. No. 23-4188 (KM/AME)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

   Pending before the Court is a request for emergency injunctive relief, which the court interprets as a motion for a temporary restraining order ("TRO") filed by plaintiff pro se Daniel M. Risis as a cross-motion to defendants' motions to dismiss. (DE 14.) Mr. Risis has also filed an additional "Motion for Hardship Stay" (DE 16), seeking similar relief but attaching additional materials in support. Given the allegedly emergent situation, I now address the injunction applications, while reserving decision on the motions to dismiss, which are marked returnable on November 6, 2023. (DE 8, 9, 11.) For the following reasons, the motions for injunctive relief are **DENIED**.

   The complaint grows out of commercial mortgage loans to entities with which Mr. Risis is affiliated. It is brought against some 21 banks, companies, individuals, and law firms. Mr. Risis alleges a years-long pattern of fraud and criminality and seeks damages of $100 million. Evidently these parties have been embroiled in litigation, including bankruptcy litigation, for years. Adverse judgments have been entered, although the particulars are difficult to glean from Mr. Risis's papers. Mr. Risis's motion seeks to enjoin State proceedings, and in particular the eviction of one of his affiliated entities, Cash Cow Storage LLC, from a property owned by another Risis-affiliated entity, Yenta LLC, which is in bankruptcy. According to Mr. Risis, no further proceedings should occur

until there is a "proper investigation" of the defendants and their various alleged criminal and fraudulent dealings.

## STANDARD

A district court may issue injunctive relief in the form of a TRO. Fed. R. Civ. P. 65(b)(1). A TRO may be issued without notice to the adverse party but usually expires after 14 days. Fed. R. Civ. P. 65(b)(1), (2). A party seeking a temporary or preliminary injunction must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm in the absence of an injunction; (3) that this harm would exceed harm to the opposing party; and (4) that the public interest favors such relief. *See, e.g., Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012); *Antares Pharma, Inc. v. Medac Pharma, Inc.*, 55 F.Supp.3d 526, 2014 WL 3374614, at *2 (D. Del. 2014).

For a TRO to issue, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard." Fed. R. Civ. P. 65(b)(1)(A). In addition, courts ask whether the movant can show "a likelihood of success on the merits of [her] claim." *Durel B. v. Decker*, 455 F. Supp. 3d 99, 106 (D.N.J. 2020). All factors are considered, but a showing on these first two is essential.

## DISCUSSION: LIKELIHOOD OF SUCCESS

I address the essential element of likelihood of success on the merits of the claims in the complaint. Even with the benefit of the liberal construction given pro se pleadings, the complaint is deficient. Some of the deficiencies are legal. More generally, however, I observe that the complaint is rife with conclusory accusations of criminality, but fails to state actual, concrete facts and relate them to a particular viable cause of action over which this federal court has jurisdiction. That being the case, I bypass many other potential issues, some of which are alluded to herein.

*The complaint*[1]

The complaint asserts mainly state-law claims. To bring them into federal court, the plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires that all plaintiffs be of diverse citizenship from all defendants—*i.e.,* that no defendant be a citizen of the same state as any plaintiff. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). The complaint alleges that "Plaintiff is a citizen of New Jersey and Defendant(s) reside in both New York and New Jersey." (DE 1 ¶ 4.) Clearly this court lacks diversity jurisdiction over any of the plaintiff's state-law claims.[2]

The complaint elsewhere invokes the court's federal-question jurisdiction under 28 U.S.C. § 1331. Count 1 invokes 42 U.S.C. § 1983. That statute, however, axiomatically applies only against government actors, a description that applies to none of these defendants, who are private parties. Count 7 is

---

[1] Mr. Risis purports to sue on behalf of himself, but also on behalf of corporations and LLCs with which he is affiliated. Indeed, many of the claims appear to belong to such entities. Such entities, however, must be represented by an attorney in federal court. *See, e.g., Dougherty v. Snyder,* 469 F. App'x 71 (3d Cir. 2012); *Goldstein v. Roxborough Real Est.*, LLC, Civ. Case No. 15-3835, 2018 WL 504398, at *3 (D.N.J. Jan. 22, 2018), *aff'd*, 741 F. App'x 143 (3d Cir. 2018).

Mr. Risis has also attempted to stay the sheriff's sale of the Phillipsburg property owned by the bankrupt entity Yenta LLC by means of declaring personal bankruptcy and invoking the automatic stay. The bankruptcy court rejected that stratagem, finding that the automatic stay did not apply, in an order that Mr. Risis has appealed to this court. (*In re Daniel M. Risis,* Bankruptcy Case No. 23-11800; appeal docketed in this court as 23-cv-02733).

Curiously, Mr. Risis's letter to the court (DE 13) in opposition to the motions to dismiss, which clearly identifies him as a pro se litigant, is on stationery bearing the heading "Pierce Bainbridge." The reasons for this are not apparent. There is, or was, a law firm by the name of Pierce Bainbridge Beck Price & Hecht LLP. A second letter, addressed to eight judges and the New Jersey Attorney General, filed in multiple pending actions, is likewise written on "Pierce Bainbridge" stationery. (DE 12.)

[2] To anticipate an argument, the Court would not be likely to exercise supplemental jurisdiction over these state-law claims because the federal claims, for the reasons expressed herein, are not substantial. *See* 28 U.S.C. § 1367(c).

3

pled under 18 U.S.C. § 371 (conspiracy to defraud the United States). That is a federal criminal statute, not a source of any civil cause of action for damages against private parties. Count 12 is pled under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f. It broadly accuses defendants, including Mariners Bank and Spencer Bank, of criminal misconduct in connection with commercial real estate loans to entities affiliated with Mr. Risis. It does not, however, relate these allegations to conduct prohibited by TILA, a consumer protection statute which applies when "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household or agricultural purposes." 15 U.S.C. § 1602(h). The loans at issue were commercial real estate loans to corporate entities.[3]

Aside from these legal deficiencies, the complaint fails to state actual, concrete facts that relate to a particular viable cause of action. Mr. Risis alleges that he (or rather, corporate entities related to him, although he rarely observes the distinction) took out loans from Mariners Bank, that a criminal investigation into Mariners Bank and Fred Daibes was concealed from him, and that the loans were wrongfully declared in default. (DE 1 ¶¶ 23, 27.) Mr. Risis also alleges that Mariners Bank sold its loans to Spencer Bank, that Spencer Bank sold the loans to others, that this arrangement was an unlawful attempt to avoid responsibility, and that Jim Solakian was involved. (*Id.* ¶¶ 24–25.) Ultimately, Mr. Risis alleges, he lost over $100 million in connection with businesses controlled by him, and his real estate was or is being wrongfully taken from him. (*Id.* ¶¶ 29–30, 32, 37–38.)[4] None of these conclusory and

---

[3]   I do not reach other grounds for dismissal, which are suggested by the allegations but would require factual development. Res judicata doctrines and New Jersey's entire controversy rule, for example, would bar re-litigation in this Court of matters that were decided in the prior litigations. The effect of adverse rulings cannot be avoided by claims that one's arguments were "ignored" by the prior court.

[4]   Moreover, Mr. Risis alleges that he was wronged by attorneys who allowed him to be victimized and to lose money and that multiple judges, as well as the trustee in bankruptcy, were complicit in the wrongdoing. (DE 1 ¶¶ 26, 28, 31.) He insists that he

confusing allegations contains specific factual content to show that Mr. Risis has a plausible claim under the actual causes of action asserted in his complaint (*id.* at 5–14), let alone a likelihood of success on the merits of such claims.[5]

Whatever the factual merit of these allegations, as they stand today, they set forth, at most, state-law claims between non-diverse parties, and not viable federal-law causes of action.

*The motions for injunctive relief*

In his motions for injunctive relief (DE 14, 16), Mr. Risis states that he owns Yenta LLC, an entity that owns a Phillipsburg property in which another entity owned by Mr. Risis, Cash Cow LLC, is a tenant. He requests that I enjoin state proceedings in case WRN-DC-000888-23, which threaten the eviction of Cash Cow Storage LLC. (Elsewhere in the affidavits it appears that judgment has been entered and that the sheriff has served a writ of execution on the Phillipsburg property.) He states in conclusory terms that the company was not afforded proper procedures by the state court, but facts are lacking. Likewise, Mr. Risis contends that he has personal property at the premises which he stands to lose (DE 14 ¶¶ 9–13, 25–27), and he provides other arguments and submits a certification to attest to the contentions therein (DE 14-1), but none of these points shows that he is likely to succeed on the merits with respect to his claims.[6] He makes broad and vague allegations of white collar crime,

---

has been wronged, deprived of the ability to hold defendants accountable, and forced into lawsuits and bankruptcy proceedings that have resulted in mental anguish. (*Id.* ¶¶ 33–36, 40, 42–45.)

[5]     Mr. Risis provides a laundry list of grievances for each defendant (*id.* ¶¶ 50–64), but these allegations mostly rehash other assertions or contain factual content that is of questionable relevance to the stated causes of action.

[6]     For example, Mr. Risis argues that he filed for bankruptcy to seek assistance as a victim of various crimes and that his attorneys and the government somehow mismanaged the expensive and protracted proceedings vis-à-vis Solakian. (DE 14 ¶¶ 4–8.) Mr. Risis also argues that Mo Phillipsburg Holdings violated the law because it was connected to Solakian and hired people who engaged in threatening, harassing, destructive, and unprofessional conduct. (*Id.* ¶ 15.) Moreover, Mr. Risis argues that

dishonesty, fraud, and other wrongdoing, much of it unrelated to the issues here. What he does not do is (a) relate any specific factual allegation to the elements of any federal cause of action over which this court has jurisdiction, (b) factually relate all of the above to his specific application with respect to Cash Cow Storage LLC, or (c) explain why the usual procedures for appealing or otherwise challenging judgments of state courts have not been pursued or would not suffice for correction of error.

The federal district courts do not generally sit in review of state-court, state-law proceedings, and Mr. Risis has not, at least at this stage, set forth an adequate basis to believe that he will succeed on any claim that this Court has the power to hear.

## CONCLUSION

Accordingly, the Court will not grant emergency injunctive relief, because there is no sufficient showing of likelihood of success. At this time, I do not rule on the motions to dismiss, or express any view as to the ultimate viability of this complaint, whether in its current or any subsequently amended form. An appropriate order accompanies this Opinion.

Dated: October 12, 2023

/s/Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**

---

Solakian conspired with Mo Phillipsburg Holdings and Daibes and that Mr. Risis was required to hire Solakian's son under the loan agreement. (*Id.* ¶ 17–18.) Otherwise, Mr. Risis merely argues that he has been wronged, that he must be heard and vindicated by this Court, and that the defendants are attempting to hide their wrongdoing and demonstrating no respect for the Court. (*Id.* ¶¶ 1, 3, 14, 16, 19–23, 28–31.) These vague and disjointed arguments do not demonstrate Mr. Risis's probability of prevailing on the merits.