**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF** **ESTHER SALAS** UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE 50 WALNUT ST. ROOM 5076 NEWARK, NJ 07101 973-297-4887 |

December 6, 2024

**LETTER OPINION AND ORDER**

Re:   *Risis v. Solakian, et al.*
      Civil Action No. 23-4188 (ES) (AME)

Dear Parties:

Before the Court are various motions for purported emergent injunctive relief by *pro se* plaintiff Daniel Risis ("Plaintiff"). (D.E. Nos. 76, 82, 86[1] & 90 (together, "Motions")). Defendant BUPM NJ Assets LLC ("BUPM NJ") filed oppositions to three of Plaintiff's four Motions. (D.E. Nos. 79, 85 & 87). For the reasons set forth below, the Court **DENIES** Plaintiff's Motions.

**I.   PROCEDURAL BACKGROUND**

Plaintiff previously requested similar emergent relief before the Honorable Kevin McNulty, U.S.D.J.,[2] and accordingly, the Court recounts certain aspects of the procedural posture, claims, and allegedly emergent situation from Judge McNulty's Opinion dated October 12, 2023, denying similar requests from Plaintiff for emergent injunctive relief. (*See generally* D.E. No. 17). The Complaint arises out of commercial mortgage loans to entities with which Plaintiff is affiliated. (*Id.* at 1). The Complaint is brought by Mr. Risis, the sole plaintiff in this action, against twenty-one defendants, including banks, companies, individuals, and law firms. (*Id.*). Plaintiff alleges a years-long pattern of fraud and criminality and seeks damages of $100 million. (*Id.*). Evidently, these parties have been embroiled in litigation, including bankruptcy litigation, for years. (*Id.*). Adverse judgments have been entered, although the particulars are difficult to glean from Plaintiff's papers. (*Id.*).[3] Indeed, Plaintiff complains of various alleged frauds in connection

---

[1]   Although not styled explicitly as a motion for injunctive relief, the Court construes Plaintiff's "Motion for Leave to Investigate" (D.E. No. 86) as seeking the same relief as set forth in Plaintiff's purportedly emergent requests. (*See id.* at 2 (citing case law setting forth the legal standard for granting injunctive relief)).

[2]   On November 29, 2023, this action was reassigned from Judge McNulty to the Undersigned. (D.E. No. 34).

[3]   Decisions from certain underlying state court proceedings are recounted by defendant BUPM NJ and attached as exhibits to its opposition briefs. (*See* D.E. Nos. 79, 85 & 87). This Court may take judicial notice of these publicly filed court documents in opposition to Plaintiff's Motions on the same subject matter, *see McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009), and notes that these decisions largely dispose of identical requests for relief. (*See, e.g.*, D.E. No. 79-5 (October 20, 2023 Order denying request seeking immediate stay of a deed transfer and immediate "cease and desist" of BUPM NJ's entry into "the property located at 1275 Rt 23, Wayne, New Jersey" where final

with underlying state and criminal matters, which he claims resulted in a deprivation of his due process rights and necessitate immediate federal intervention. (*See, e.g.*, D.E. No. 75 at 1–4).

As best as this Court can glean, Plaintiff's Motions seek a variety of relief in connection with a property located at 1275 Route 23 in Wayne, New Jersey (the "Wayne Property"), including (i) an order enjoining State court proceedings involving a Writ of Possession of what appears to be the Wayne Property owned by Dalex Development Inc.,[4] (ii) removal of state court matters to federal court, (iii) a federal investigation of allegedly fraudulent and criminal activities, (iv) a stay of all matters related to the instant matter, (v) an order enjoining defendant BUPM NJ from changing locks and "stealing" Plaintiff's $10 million in inventory, (vi) a stay of the judgment of foreclosure and any further enforcement actions on the Wayne Property, (vii) restoration of title and ownership of the Wayne Property to Plaintiff and relatedly, an order rescinding the conveyance of the Wayne Property, and (viii) an injunction preventing future sales, transfers, or alterations to the title of the Wayne Property until an investigation and final court ruling are complete. (*See generally* D.E. Nos. 76, 82, 86 & 90). Moreover, Plaintiff also maintains that he has suffered unlawful foreclosure and other actions that have resulted in his loss of property, business, goodwill, and community outreach. (D.E. No. 76 at 9). As Judge McNulty noted, according to Plaintiff, no further proceedings should occur until there is a "proper investigation" of the defendants and their various alleged criminal and fraudulent dealings. (*See, e.g.*, D.E. Nos. 76 & 82).

## II. LEGAL STANDARD

A district court may issue injunctive relief in the form of a temporary restraining order ("TRO"). Fed. R. Civ. P. 65(b)(1). A TRO may be issued without notice to the adverse party but usually expires after 14 days. Fed. R. Civ. P. 65(b)(1), (2). The grant of injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir. 1989).

In addition to the basic requirement of exigency, courts consider four factors in deciding whether a temporary restraining order or other injunctive relief should issue: "(1) a substantial

---

judgment had been entered more than three years prior); D.E. No. 87-5 (October 24, 2024 Order denying request for reconsideration of the final judgment and writ of execution issued on July 17, 2020 as untimely and unmeritorious)).

[4]  "Dalex Development Inc." is not a party to this action. Plaintiff curiously named "BUPM NJ Assets LLC (Dalex Development)" as a defendant on the civil cover sheet (D.E. No. 1-1 at 2), but uses "BUPM NJ Assets LLC" in his filings (*see, e.g.*, D.E. No. 1 at 1); the distinction, if any, between these entities remains unclear. In any event, Plaintiff maintains that he is the sole owner of Dalex Development Inc. (D.E. No. 82 at 2). Plaintiff also asks the Court to "permit the conversion of Dalex Development Inc. from a corporation to a sole proprietorship." (*Id.*). He claims that "[t]his conversion will allow [him], as the sole proprietor, to represent Dalex Development in this court and proceed pro se, in accordance with New Jersey law which permits self-representation for sole proprietors." (*Id.*). Plaintiff has not provided—nor has the Court located—any authority that permits the contemplated "conversion" of Dalex Development Inc. to a sole proprietorship for the purpose of *pro se* representation. Accordingly, the Court declines to entertain this aspect of Plaintiff's request. As previously warned, to extent Plaintiff purports to sue on behalf of corporations and LLC[s] with which he is affiliated . . . . [s]uch entities, [], must be represented by an attorney in federal court." (D.E. No. 17 at 3 n.1 (citing cases)). Notwithstanding the above, however, the Court's ruling on the present Motions does not hinge on Plaintiff's relationship to, or his purportedly improper *pro se* representation of, Dalex Development Inc.

likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Ace Am. Ins. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 730–31 (3d Cir. 2009) (citing *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A party must produce sufficient evidence of all four factors before granting injunctive relief. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994).[5]

## III. DISCUSSION

As a preliminary matter, although the Court appreciates Plaintiff's requests for oral argument,[6] pursuant to the Federal Rules of Civil Procedure and this District's Local Civil Rules, the decision to grant oral argument is discretionary and not a matter of right. *See* Fed. R. Civ. P. 78(b) ("[T]he court *may* provide for submitting and determining motions on briefs, without oral hearings." (emphasis added)); *see also* L. Civ. R. 78.1(b). The Court exercises its discretion to resolve the present Motions without oral argument in accordance with the Federal and Local Rules.

Plaintiff continues to make broad and vague allegations of white-collar crime, dishonesty, fraud, and other wrongdoing, much of it unrelated to the issues raised in the Complaint, which appear to relate to loans Plaintiff borrowed from Mariners Bank and grievances born out of Plaintiff's bankruptcy. (*See* D.E. No. 1 ¶¶ 23, 42–43 & 52). Much like before, Plaintiff's Motions are rife with conclusory accusations of fraud and criminality that are untethered to any concrete facts in the Complaint or elsewhere in the record. (*See, e.g.*, D.E. No. 76 at 2 (claiming that "Judge Covello's oversight in [another state court matter] has demonstrated a bias and potential complicity in fraud, mirroring issues in the Mariners Bank case overseen by the very same judge")). It remains true that the Complaint asserts mainly state-law claims on the basis of diversity jurisdiction, which Judge McNulty previously found this Court lacked for purposes of Plaintiff's prior requested TROs.[7] (*See* D.E. No. 17 at 3–4 (finding no diversity jurisdiction over Plaintiff's state-law claims and disregarding other counts invoking federal-question jurisdiction as inapplicable to private parties or the alleged wrongdoings alleged in Plaintiff's prior requests for emergent relief)). In addition, and relevant here, the Court remains skeptical that Plaintiff has properly invoked federal-question jurisdiction under 28 U.S.C. § 1331. (*See id.* at 5–6 (finding that Plaintiff failed to "relate

---

[5] In addition, for a TRO to issue, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard." Fed. R. Civ. P. 65(b)(1)(A); *see also* L. Civ. R. 65.1 (providing that "[n]o order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary").

[6] *See, e.g.*, D.E. Nos. 76 at 11 & 91. In addition, as Judge McNulty previously noted, despite Plaintiff's *pro se* status, he curiously continues to write to the Court "on stationary bearing the heading 'Pierce Bainbridge.' The reasons for this are not apparent. There is, or was, a law firm by the name of Pierce Bainbridge Beck Price & Hecht LLP." (D.E. No. 17 at 3 n.1). It remains, however, that Plaintiff is not represented by counsel.

[7] There are multiple pending motions to dismiss the Complaint that will be addressed by this Court in due course. At this time, the Court does not rule on the various motions to dismiss or express any view as to the ultimate viability of Plaintiff's Complaint, whether in its current form or in any potential forthcoming amended form.

any specific factual allegation to the elements of any federal cause of action over which this court has jurisdiction")).

To the extent Plaintiff continues to complain about adverse rulings in other state court matters, "[r]es judicata doctrines and New Jersey's entire controversy rule, for example, would bar re-litigation in this Court of matters that were decided in the prior litigations. The effect of adverse rulings cannot be avoided by claims that one's arguments were 'ignored' by the prior court." (*Id.* at 4 n.3); *see Lance v. Dennis*, 546 U.S. 459, 463 (2006) (holding that the *Rooker-Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments" because such appellate jurisdiction rests solely with the United States Supreme Court); *Grossberger v. Superior Ct. Essex Cnty.*, No. 22-5484, 2022 WL 4449379, at *1 (D.N.J. Sept. 23, 2022) ("Plaintiff improperly seeks to have this Court review and overturn the ruling of the Superior Court of New Jersey, Essex County.").

Relevant here, a federal claim is barred by the *Rooker-Feldman* doctrine when it was either "actually litigated in a state court prior to the filing of the federal action" or "inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). The Third Circuit has clarified that a federal claim is "inextricably intertwined" with an issue adjudicated by a state court when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009). Notwithstanding whether Plaintiff is likely to succeed on the merits of any viable federal claim he purports to assert, the majority of the relief he requests in the present Motions would run afoul of the *Rooker-Feldman* doctrine as it appears that much of the complained-of conduct has already been adjudicated in state court. Indeed, there is no authority for this Court to interfere with state court proceedings, including the future or past foreclosure of property. *See, e.g.*, *Albert v. Specialized Loan Servicing, LLC*, No. 19-0074, 2020 WL 865435, at *2 (D.N.J. Feb. 14, 2020) ("[T]his Court denied [p]laintiff's application for emergent injunctive relief, finding that his request to enjoin the foreclosure sale of his property was prohibited by *Rooker-Feldman*."). Thus, this Court cannot engage in further review of those state-court matters.

Moreover, as with Plaintiff's prior requests before Judge McNulty, he has not explained "why the usual procedures for appealing or otherwise challenging judgments of state courts have not been pursued or would not suffice for correction of error." (D.E. No. 17 at 6). As previously warned, "[t]he federal district courts do not generally sit in review of state-court, state-law proceedings," and Plaintiff's continued request for emergent relief do not "set forth an adequate basis to believe that he will succeed on any claim that this Court has the power to hear." (*Id.*). Thus, to the extent Plaintiff's Motions seek this Court's review of any state court judgments or proceedings, those requests are denied as not properly before this Court.

Next, Plaintiff's requests for removal of other state court actions to this Court are without merit on their face. Plaintiff provides no bases for the timely removal of other state court matters pursuant to 28 U.S.C. § 1446(b); nor is it apparent that this Court would have jurisdiction over the claims raised in the other state court actions. In a similar vein, this Court may not institute a

4

blanket stay of *other* matters—whether in federal or state court.

  To the extent Plaintiff seeks a temporary restraining order or preliminary injunction to prevent defendant BUPM NJ from changing locks and stealing Plaintiff's inventory, Plaintiff has not shown that he is entitled to such extraordinary relief. "The decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Injunctive relief remains "an extraordinary remedy never awarded as of right." *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Plaintiff has failed to present any legal theory under which he seeks relief from this Court and has not explained the ultimate likelihood of success on the merits of his purported claims; nor can the Court discern any legal theories that would entitle Plaintiff to the relief he seeks.

  Finally, with respect to Plaintiff's repeated requests for federal investigations, "[t]he Supreme Court has observed that the executive branch 'has exclusive authority and absolute discretion to decide whether to prosecute a case.'" *Stolt–Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). "The prosecutorial discretion retained by the Attorney General and United States Attorneys to enforce the Nation's criminal laws is broad." *Soobzokov v. Att'y Gen. of U.S.*, 515 F. App'x 98, 100 (3d Cir. 2013). However, the Third Circuit has acknowledged the well-established principle "that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Id.* at 100–01 (quoting *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)). Indeed, "[t]his recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement." *Id.* at 101 (quoting *Heckler*, 470 at 831). Accordingly, this Court does not have the authority to order a federal criminal or civil investigation.

  Accordingly, for the reasons set forth above, Plaintiff's Motions (D.E. Nos. 76, 82, 86 & 90) are **DENIED**.

  **SO ORDERED**.

                 *s/ Esther Salas*
                 **Esther Salas, U.S.D.J.**