UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**André M. Espinosa**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2037
Newark, NJ 07102
(973) 645-3827

January 21, 2025

To:  Daniel M. Risis, Pro Se
     19 Fordham Road
     Livingston, New Jersey 07039

All counsel of record

### LETTER OPINION AND ORDER

RE:  **Risis v. Solakian, et. al.**
     **Civil Action No. 23-04188 (ES)(AME)**

Dear Parties:

The Court has reviewed the January 2, 2025 notice of bankruptcy and the January 15, 2025 letter by *pro se* Plaintiff Daniel M. Risis ("Plaintiff"), both of which request that the Court stay this action in conformity with the automatic bankruptcy stay under 11 U.S.C. § 362. [D.E. 95 and 96]. Defendants have not filed any opposition to Plaintiff's request.

Section 362 of the Bankruptcy Act provides that

> a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a). "Although the scope of the automatic stay is broad, the clear language of

1

section 362(a) indicates that it stays only proceedings against a 'debtor'—the term used by the statute itself." *See Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F. 2d 1194, 1204 (3d Cir. 1991). The proceedings in this matter are not "against the debtor," because the debtor here is Plaintiff, who initiated such proceedings. Therefore, the automatic bankruptcy stay under Section 362 of the bankruptcy code is not applicable.

However, the Court instead construes Plaintiff's correspondences as a request to stay all proceedings in this matter, including his pending motion for summary judgment and Defendants' pending motions to dismiss the Complaint. [D.E. 51, 52, 57, 73, 75, and 92]. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The exercise of such power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. The party requesting the stay bears the burden of demonstrating that the stay is warranted. *See id.* at 255 (explaining that the party requesting a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.").

"[I]n assessing whether a stay of proceedings is warranted, courts weigh a number of factors, including: '(1) judicial efficiency as measured by the stage of the civil litigation and the stay's potential to simplify the issues; (2) harm or unfair prejudice to the non-moving party that will result from the grant of a stay; and (3) the hardship and inequity to the moving party if the stay is denied.'" *ADP, Inc. v. Wise Payments Ltd.*, No. 21-12457, 2022 WL 2833819, at *3 (D.N.J. July 19, 2022), *appeal denied*, 2023 WL 3775319 (D.N.J. June 1, 2023).

First, Plaintiff has brought this action against at least seventeen named defendants, including individuals, banks, companies, and law firms, alleging years'-long patterns of criminal activity and fraud and claiming more than $100,000,000 in damages. [*See* D.E. 1]. During the life of this case, Plaintiff has additionally requested—and the District Court has denied—various additional forms of relief, including orders for injunctive relief that would enjoin state court proceedings and for federal investigation. [*See* D.E. 18 and 94]. Given the number of parties involved and the various allegations against each party, which Plaintiff alleges span years, the Court finds a stay of this action to be in the interest of judicial efficiency and has the potential to simplify the issues. The Court therefore concludes that the first factor weighs in favor of granting Plaintiff's request for a stay.

Second, in the absence of any objection to Plaintiff's request for a stay of this matter and in the absence of evidence that a stay would unduly harm or impose unfair prejudice to non-moving parties, the Court finds that the second factor weighs in favor of staying this action.

Third and finally, Plaintiff himself requests a stay of this action. Plaintiff's letters assert that a stay would "protect[] [him] from further injustice and ensur[e] all claims against [him] are reviewed within the context of [his] bankruptcy case." [*See* D.E. 96]. Therefore, the Court has considered the hardship and inequity to Plaintiff if the stay is denied and finds that this third factor also weighs in favor of staying this action.

Therefore, all proceedings in this action are **STAYED** until further Order of the Court. During the pendency of the stay, no further motions, petitions, or other requests for relief will be considered by the Court.

Plaintiff's motion for summary judgment at D.E. 52 and Defendants' motions to dismiss the Complaint at D.E. 51, 57, 73, 75, and 92 shall be **ADMINISTRATIVELY TERMINATED** until further Order of the Court.

**IT IS SO ORDERED.**

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge