**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

<table>
<tr><td>CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE</td><td>MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887</td></tr>
</table>

June 30, 2026

**<u>LETTER MEMORANDUM</u>**

**Re:**   ***Risis v. Solakian, et al.*,**
**<u>Civil Action No. 23-4188 (ES) (AME)</u>**

Dear Parties,

Before the Court are the following motions by various parties:[1] (i) Josh Weiner's motion to dismiss (D.E. No. 8); (ii) Mariners Bank and Spencer Bank's motion to dismiss (D.E. No. 9); (iii) the Saldutti Law Firm's motion to dismiss (D.E. No. 11); (iv) BUPM NJA's motion to dismiss (D.E. No. 28); (v) Plaintiff's "motion for contempt" (D.E. No. 30); (vi) Porzio and Warren Martin's motion to dismiss (D.E. No. 35); (vii) a renewed joint motion incorporating all aforementioned motions (D.E. No. 51); (viii) Plaintiff's motion for summary judgment (D.E. No. 52); (ix) WSI's motion to dismiss and opposition to Plaintiff's motion for summary judgment (D.E. No. 57); (x) Scura and David Stevens's cross motion to dismiss and opposition to Plaintiff's motion for summary judgment (D.E. No. 73); (xi) Fred Daibus and Michael McManus's cross motion to dismiss Plaintiff's Complaint and motion for summary judgment (D.E. No. 75); and (xii) BUPM NJA's cross motion to dismiss Plaintiff's Complaint (D.E. No. 92). For the reasons set forth below, the motions to dismiss are **GRANTED** (*see* D.E. Nos. 8, 9, 11, 28, 35, 51, 57, 73, 75 & 92), Plaintiff's "motion for contempt" and motion for summary judgment are **DENIED**, (*see* D.E. Nos. 30 & 52), and the remaining motions opposing Plaintiff's motion for summary judgment, (*see* D.E. Nos. 57, 73 & 75), are **DENIED** as moot.

**I.    BACKGROUND**

On August 4, 2023, Plaintiff filed this case against twenty-one Defendants, including banks, companies, individuals, and law firms, and brings twelve causes of action. (D.E. No. 1). As stated previously by the Honorable Kevin McNulty, U.S.D.J. (ret.), "the Complaint arises out of commercial mortgage loans to entities with which Plaintiff is affiliated." (D.E. No. 17 at 1).

---

[1]    Plaintiff Daniel M. Risis filed the Complaint (D.E. No. 1 ("Complaint" or "Compl.")) against: (i) Jim Solakian; (ii) Fred Daibus; (iii) Michael McManus; (iv) Mariners Bank; (v) Spencer Bank; (vi) Mo Phillipsburg Holdings LLC ("MPH"); (vii) Washington Street Investment LLC Market Street Holdings ("WSI"); (viii) BUPM NJ Assets LLC Dalex Development ("BUPM NJADD"); (ix) Porzio Bromberg and Newman PC ("Porzio"); (x) Warren Martin; (xi) Scura LLP ("Scura"); (xii) David Stevens; (xiii) Andre Kaydala, Esq.; (xiv) Josh Weiner; (xv) Saldutti Law Firm; and (xvi) BUPM NJ Assets LLC ("BUPM NJA") (collectively, "Defendants"). MPH and BUPM NJADD have not appeared in this action.

Mr. Daniel Risis filed the Complaint and is "the sole plaintiff in this action." (*Id.*). "Plaintiff alleges a years-long pattern of fraud and criminality and seeks damages of $100 million." (*Id.*). It appears that the parties to this dispute "have been embroiled in litigation, including bankruptcy litigation, for years." (*Id.*). Indeed, although "[a]dverse judgments have been entered, . . . the particulars are difficult to glean from Mr. Risis's papers." (*Id.*).

In evaluating various motions for injunctive relief, Judge McNulty began by assessing the likelihood of success on the merits. (*Id.* at 2). Specifically, Judge McNulty began by noting:

> Even with the benefit of the liberal construction given pro se pleadings, the complaint is deficient. Some of the deficiencies are legal. More generally, however, I observe that the complaint is rife with conclusory accusations of criminality, but fails to state actual, concrete facts and relate them to a particular viable cause of action over which this federal court has jurisdiction.

(*Id.*). With respect to merits, Judge McNulty assessed the Complaint as follows:

> The complaint asserts mainly state-law claims. To bring them into federal court, the plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires that all plaintiffs be of diverse citizenship from all defendants—i.e., that no defendant be a citizen of the same state as any plaintiff. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). The complaint alleges that "Plaintiff is a citizen of New Jersey and Defendant(s) reside in both New York and New Jersey." (DE 1 ¶ 4.) Clearly this court lacks diversity jurisdiction over any of the plaintiff's state-law claims.[2]
>
> The complaint elsewhere invokes the court's federal-question jurisdiction under 28 U.S.C. § 1331. Count 1 invokes 42 U.S.C. § 1983. That statute, however, axiomatically applies only against government actors, a description that applies to none of these defendants, who are private parties. Count 7 is pled under 18 U.S.C. § 371 (conspiracy to defraud the United States). That is a federal criminal statute, not a source of any civil cause of action for damages against private parties. Count 12 is pled under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f. It broadly accuses defendants, including Mariners Bank and Spencer Bank, of criminal misconduct in connection with commercial real estate loans to entities affiliated with Mr. Risis. It does not, however, relate these allegations to conduct prohibited by TILA, a consumer protection

---

[2]    "To anticipate an argument, the Court would not be likely to exercise supplemental jurisdiction over these state-law claims because the federal claims, for the reasons expressed herein, are not substantial." (D.E. No. 17 at 3 n.2 (citing 28 U.S.C. § 1367(c))).

statute which applies when "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household or agricultural purposes." 15 U.S.C. § 1602(h). The loans at issue were commercial real estate loans to corporate entities.[3]

Aside from these legal deficiencies, the complaint fails to state actual, concrete facts that relate to a particular viable cause of action. Mr. Risis alleges that he (or rather, corporate entities related to him, although he rarely observes the distinction) took out loans from Mariners Bank, that a criminal investigation into Mariners Bank and Fred Daibes was concealed from him, and that the loans were wrongfully declared in default. (DE 1 ¶¶ 23, 27.) Mr. Risis also alleges that Mariners Bank sold its loans to Spencer Bank, that Spencer Bank sold the loans to others, that this arrangement was an unlawful attempt to avoid responsibility, and that Jim Solakian was involved. (*Id.* ¶¶ 24–25.) Ultimately, Mr. Risis alleges, he lost over $100 million in connection with businesses controlled by him, and his real estate was or is being wrongfully taken from him. (*Id.* ¶¶ 29–30, 32, 37–38.)[4]  None of these conclusory and confusing allegations contains specific factual content to show that Mr. Risis has a plausible claim under the actual causes of action asserted in his complaint (*id.* at 5–14), let alone a likelihood of success on the merits of such claims.[5]

Whatever the factual merit of these allegations, as they stand today, they set forth, at most, state-law claims between non-diverse parties, and not viable federal-law causes of action.

(*Id.* at 3–5).  Accordingly, without a sufficient showing of likelihood of success on the merits, Judge McNulty denied Plaintiff's request for emergent injunctive relief.  (*Id.* at 6).  For many of

---

[3]    "I do not reach other grounds for dismissal, which are suggested by the allegations but would require factual development. Res judicata doctrines and New Jersey's entire controversy rule, for example, would bar re-litigation in this Court of matters that were decided in the prior litigations.  The effect of adverse rulings cannot be avoided by claims that one's arguments were 'ignored' by the prior court." (D.E. No. 17 at 4 n.3).

[4]    "Moreover, Mr. Risis alleges that he was wronged by attorneys who allowed him to be victimized and to lose money and that multiple judges, as well as the trustee in bankruptcy, were complicit in the wrongdoing. (DE 1 ¶¶ 26, 28, 31.)  He insists that he has been wronged, deprived of the ability to hold defendants accountable, and forced into lawsuits and bankruptcy proceedings that have resulted in mental anguish.  (*Id.* ¶¶ 33–36, 40, 42–45.)" (D.E. No. 17 at 4–5 n. 4).

[5]    "Mr. Risis provides a laundry list of grievances for each defendant (*id.* ¶¶ 50–64), but these allegations mostly rehash other assertions or contain factual content that is of questionable relevance to the stated causes of action." (D.E. No. 17 at 5 n.5).

the same reasons, the Undersigned denied subsequent motions for emergent relief. (*See* D.E. No. 94 (denying emergent motions at docket entry numbers 76, 82, 86 & 90)).

On January 2, 2025, Plaintiff filed a "notice of bankruptcy" and requested a stay of the instant matter in both this action and a separate action before the Undersigned. (D.E. No. 95; *see Risis v. Risis, et al.*, Civil Action No. 23-3429, D.E. No. 80). On January 21, 2025, the Honorable André M. Espinosa, U.S.M.J., stayed this matter, notwithstanding the fact that the automatic bankruptcy stay under Section 362 of the Bankruptcy Act did not apply because the debtor in the instant action is Plaintiff. (D.E. No. 97 at 1–2). Indeed, Defendants did not oppose the stay and Judge Espinosa found the applicable factors weighed in favor of a stay. (*Id.*). Thereafter, following status updates from various defendants requesting a lift of the stay (D.E. Nos. 101, 102 & 104), Judge Espinosa lifted the stay and reactivated the various pending motions presently before this Court (D.E. No. 105).

## II.   MOTIONS TO DISMISS

To survive dismissal under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Further, a complaint may be considered frivolous where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

A complaint must also comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." *Id.* 8(d)(1). Rule 8 further requires that the complaint set forth the plaintiff's claims with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47 v. Bradley et.al.*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, vague group pleadings "undermine[ ] the notice pleading regime of Rule 8." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014).

Moreover, "shotgun pleadings" have been regularly criticized by the Third Circuit and fail to meet the pleading requirements of Rule 8. *See, e.g.*, *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A shotgun pleading can arise in any of the following circumstances: (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (ii) a complaint that is "replete with conclusory, vague, and immaterial

4

facts not obviously connected to any particular cause of action," (iii) a complaint that does not separate "into a different count each cause of action or claim for relief," or (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Nash v. New Jersey*, No. 22-1804, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) (citing the factors in *Weiland*, 792 F.2d at 1321–23). "Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies" to determine which facts relate to which causes of action. *Nash*, 2022 WL 4111169, at *2 (citing *Weiland*, 792 F.3d at 1323).

As an initial matter, the Undersigned agrees with Judge McNulty's analysis that this Court lacks diversity jurisdiction over Plaintiff's state law claims. (*See* D.E. No. 17 at 3). In addition, as set forth below and as noted by Judge McNulty, because Plaintiff fails to state a viable federal claim, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the following claims are **DISMISSED** *without prejudice*, for lack of subject matter jurisdiction: Count II (New Jersey New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO Act") claim), Counts III–IV (New Jersey Civil Rights Act claims), Count VIII (common law civil conspiracy claim), Count IX (New Jersey Consumer Fraud Act claim), Count X (breach of contract and implied covenant of good faith and fair dealing claims), and Count XI (tortious interference claim).

***Second***, because all counts in the complaint appear to be brought against all Defendants without differentiating alleged conduct as to any individual defendant, each cause of action may be dismissed for improper group pleading.[6] Indeed, the use of such vague group pleading "undermines the notice pleading regime of Rule 8," since it improperly seeks to make all defendants liable for all conduct alleged in the complaint. *Japhet*, 2014 WL 3809173, at *2; *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent [p]laintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."). For this reason alone, Counts I to XII are **DISMISSED**. (*See, e.g.*, D.E. No. 9-1 at 10–11 (Mariners Bank and Spencer Bank's brief in support of dismissal arguing that the Complaint "does not contain any facts sufficient for the parties to be on notice of the alleged harm they unlawfully caused Risis"); D.E. No. 11-2 at 10 (the Saldutti Law Firm's brief in support of dismissal arguing that "[t]he Complaint makes no connection between the 'counts' and the allegations against Saldutti"); D.E. No. 28-1 at 5–7 (BUMP NJA's brief in support of dismissal arguing that the "counts are not directed to any particular defendant, nor do they indicate how they are related to or support the $100,000,000.00 in damages that Plaintiff seeks" and that "Paragraph 59 makes no reference to the twelve counts included in the Complaint and does not set forth any other viable cause of action at law"); D.E. No. 35-1 at 7–8 (Porzio and Warren Martin's brief in support of dismissal arguing that the only two paragraphs devoted to them in the Complaint are threadbare and speculative); D.E. No. 57-1 at 7 (WSI's brief in support of dismissal arguing that

---

[6]    *See Malat v. Borough of Magnolia*, No. 19-14841, 2020 WL 2553858, at *2 n.3 (D.N.J. May 20, 2020) ("District courts may dismiss claims that do not state causes of action *sua sponte*." (citing *Bintliff–Ritchie v. American Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6).")).

"there are no facts pled against WSI at all that relate to any of the causes of action"); (D.E. No. 75-2 at 6 (Fred Daibes and Michale McManus's brief in support of dismissal noting that "as written and filed against Defendants," Plaintiff's Complaint "is entirely incomprehensible and such Complaint is in direct violation of F.R.C.P. Rule 8(a)(2)")).

*Third*, the Court agrees with Judge McNulty's analysis in that there are no allegations to support the assertion that any of the Defendants—all private parties—acted under color of law in a manner that states a claim for violation of Plaintiff's civil rights under either 42 U.S.C. § 1983 or under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1. (*See* D.E. No. 17 at 3); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."); *Tumpson v. Farina*, 95 A.3d 210, 223 (N.J. 2014) (noting that the parties did not dispute that the "City Clerk" acted in his "official capacity and therefore under color of law when he rejected plaintiffs' referendum petition"). For this separate reason, Counts I, III, & IV are **DISMISSED** for failure to state a claim. (*See, e.g.*, D.E. No. 8-1 at 16–18 (Josh Weiner's brief in support of dismissal)).

*Fourth*, the Court also agrees with Judge McNulty in that Plaintiff has no cause of action for any claim based on federal criminal statutes. (D.E. No. 17 at 3–4 (noting that Count VII raises an improper claim for conspiracy to defraud the United States under 18 U.S.C. § 371)). In addition, Count V (alleging bank fraud under 18 U.S.C. § 1344) and Count VI (alleging fraudulent transfer or concealment under 18 U.S.C. §§ 152(7) & 152(1)) fail for the same reasons. Indeed, these "[c]riminal statutes, . . . generally do not give rise to a basis for civil liability." *See Kitz v. Kitz*, No. 22-0600, 2022 WL 523452, at *2 (E.D. Pa. Feb. 18, 2022) (citing *Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.")); *see also Mathis v. Philadelphia Elec. Co.*, No. 14-2234, 2015 WL 12914149, at *4 (E.D. Pa. July 31, 2015) (noting that "[t]he Title 18 statutes that [p]laintiff invokes in his amended complaint do not provide a private right of action" (citing *Carpenter v. Young*, 2005 WL 1364787, at *4 (E.D. Pa. June 1, 2005) (finding that 18 U.S.C. §§ 152 and 157(3) do not provide private citizens with a right of action))), *aff'd*, 644 F. App'x 113, 116 (3d Cir. 2016) ("[T]he District Court properly determined that the criminal statutes that Mathis invoked do not create a private right of action.")). Thus, Counts V, VI, and VII are **DISMISSED** *with prejudice*. (*See, e.g.*, D.E. No. 8-1 at 29–30 (Josh Weiner's brief in support of dismissal arguing that Plaintiff's claims under "18 U.S.C. § 1344, 18 U.S.C. §§ 152(1) and 152(7), and 18 U.S.C. § 371, . . . must be dismissed with prejudice")).

*Fifth*, with respect to the last remaining federal claim brought under the Truth in Lending Act ("TILA"), the Court similarly agrees with Judge McNulty's analysis. (D.E. No. 17 at 4 (finding that the allegations do not relate "to conduct prohibited by TILA, a consumer protection statute which applies when 'the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household or agricultural purposes'" (quoting 15 U.S.C. § 1602(h)))). Indeed, Judge McNulty noted that based on Plaintiff's pleading, "[t]he loans at issue were commercial real estate loans to corporate entities." (*Id.*). Furthermore, this Court finds that "Plaintiff's TILA

allegations are vague, wholly conclusory, and thus insufficient to state a claim" as to any defendant. *See Monclova v. U.S. Bank Nat'l Ass'n*, No. 15-7383, 2016 WL 4260783, at *3 (D.N.J. Aug. 11, 2016), *aff'd sub nom. Monclova v. US Bank NA*, 675 F. App'x 115 (3d Cir. 2017). Accordingly, Count XII is **DISMISSED**. (*See, e.g.*, D.E. No. 28-1 (BUMP NJA's brief in support of dismissal arguing that "TILA does not apply to commercial loans")).

### III.   CONCLUSION

In light of the above analysis, the Court need not reach any remaining arguments in the various motions that are before it.  Plaintiff has not set forth any viable claim for relief and his Complaint is **DISMISSED** for the reasons set forth above.   Counts V, VI, and VII are **DISMISSED** *with prejudice.*  Despite this matter's age, because this is the first time the Court has affirmatively addressed the merits of Plaintiff's Complaint, all remaining claims are **DISMISSED** *without prejudice.*  Plaintiff may file an amended complaint within fourteen (14) days.  If Plaintiff fails to file an amended complaint within the allotted timeframe, the dismissal of his remaining federal claims will convert automatically to a dismissal *with prejudice* without any further order from this Court.  To the extent Plaintiff files an amended complaint, failure to cure the deficiencies noted herein—particularly with respect to the federal claims—will result in the dismissal of those claims *with prejudice.*

Accordingly, the Court also finds that Plaintiff's "motion for contempt" (D.E. No. 30) wholly lacks merit, and Plaintiff's motion for summary judgment (D.E. No. 52) is premature given the procedural posture of this matter.  These motions, (D.E. Nos. 30 & 52), are **DENIED**.  Finally, the remaining motions opposing Plaintiff's premature motion for summary judgment, (D.E. Nos. 57, 73 & 75), are **DENIED** as moot.

An appropriate Order accompanies this Letter Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**